# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Rebecca Hale,**
**Petitioner Below, Petitioner**

**FILED**

**January 31, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0469** (Kanawha County 13-AA-2)

**The Board of Education of Lewis County, West Virginia,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca Hale, by counsel John E. Roush, appeals the order of the Circuit Court of Kanawha County that affirmed the decision of the West Virginia Public Employees Grievance Board that denied her grievance following her termination from employment as a bus operator. Respondent, by counsel Denise M. Spatafore, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal stems from the circuit court's order affirming the decision of the West Virginia Public Employees Grievance Board that denied petitioner's grievance challenging her termination as a bus operator. Respondent terminated petitioner for willful neglect of duty after it was discovered that petitioner left her bus unattended and running with students on board while she went into a school to use the restroom. Petitioner grieved her termination and a level three hearing was held before the Grievance Board's Administrative Law Judge ("ALJ") on September 14, 2012. The ALJ denied the grievance by decision issued on December 5, 2012. Petitioner appealed the decision to circuit court, and the circuit court affirmed the decision by order entered April 18, 2013. Petitioner now appeals to this Court.

The evidence at the level three hearing before the ALJ revealed that prior to her termination, petitioner had been employed by respondent as a bus operator since 2004, and was employed as a substitute for three years prior to that. On April 10, 2012, petitioner drove her bus onto the grounds at Jane Lew Elementary School and stopped to allow students to board, most of whom were in the third or fourth grade. Petitioner then drove to her second boarding location at the school, stopped, and exited the bus to use the restroom inside the school. Petitioner left the bus running with the key in the ignition, while kindergarten through second grade students boarded the bus. Petitioner asked a fourth grade student to monitor the students on the bus while

1

she was gone. The principal became aware of the unattended bus and boarded it to monitor the students until petitioner returned.[1]

Petitioner testified that due to her diabetes, her need to use the restroom was urgent. However, she conceded that she should not have left the bus unattended and running with students on board as doing so violates State Department of Education policy.[2]

By letter dated April 18, 2012, respondent's superintendent notified petitioner of his intent to recommend her termination to respondent. Petitioner's termination letter cited the April 10, 2012, incident, as well as an allegation that on that same day, petitioner violated the employee code of conduct by using an obscene gesture on her way to the restroom. With respect to the latter infraction, the ALJ found that petitioner extended her middle finger to a teacher as she walked down the hallway toward the restroom.[3]

This Court will not reverse evidentiary findings made by the ALJ unless clearly wrong. *Randolph Co. Bd. of Educ. v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989). Conclusions of law, and the application of law to facts, are reviewed de novo. *Martin v. Randolph Co. Bd. of Educ.,* 195 W.Va. 297, 465 S.E.2d 399 (1995); Syl. Pt. 2, *Maikotter v. University of West Virginia Bd. of Trustees,* 206 W.Va. 691, 527 S.E.2d 802 (1999).

Petitioner raises one assignment of error on appeal. She argues that the ALJ and circuit court erred in failing to hold that petitioner's conduct on April 12, 2012, constituted correctable conduct that entitled petitioner to an opportunity to improve her performance prior to termination of employment. As support, petitioner relies on West Virginia Code § 18A-2-8, which states:

(a) Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency,

---

[1]Petitioner testified that she asked another teacher who was on bus duty and standing near the school door to watch the children on the bus. This teacher disputed petitioner's testimony. Additionally, petitioner admitted to the superintendent about a week after the incident that she did not ask anyone to watch the students. Consequently, the ALJ found that petitioner failed to ask an adult to monitor the students on the bus while she was gone.

[2]State Department of Education Policy 4336, § 13.7, provides that "[t]he school bus operator shall not leave the bus when it is running. . . ." Policy 4336, § 13.8, adds that "[w]hen the school bus operator leaves the bus, the keys shall be on possession of the operator and the emergency brake engaged. . . ."

[3]The incident on April 10, 2012, was not the only infraction or cause for concern regarding petitioner while she was employed by respondent. During the 2011-12 school-year, petitioner was questioned regarding her practice of easing her bus forward toward an occupied crosswalk, rather than remaining at the stop sign until the crosswalk was cleared. In May of 2007, petitioner was suspended for ten days for two acts of moving her bus with a parent still in the stairwell and attempting to close the bus doors on a parent. In May of 2006, petitioner was issued a warning by the Lewis County Sheriff's Office for speeding while driving her school bus.

cruelty, insubordination, intemperance, willful neglect of duty, unsatisfactory performance, the conviction of a felony or a guilty plea or a plea of nolo contendere to a felony charge.

(b) A charge of unsatisfactory performance shall not be made except as the result of an employee performance evaluation pursuant to section twelve [§ 18A-2-12] of this article. The charges shall be stated in writing served upon the employee within two days of presentation of the charges to the board.

(c) The affected employee shall be given an opportunity, within five days of receiving the written notice, to request, in writing, a level three hearing and appeals pursuant to the provisions of article two [§§ 6c-2-1 et seq.], chapter six-c of this code, except that dismissal for the conviction of a felony or guilty plea or plea of nolo contendere to a felony charge is not by itself a grounds for a grievance proceeding. An employee charged with the commission of a felony may be reassigned to duties which do not involve direct interaction with pupils pending final disposition of the charges.

Petitioner also cites West Virginia Code § 18A-2-12a(b)(6), which provides:

All school personnel are entitled to know how well they are fulfilling their responsibilities and should be offered the opportunity of open and honest evaluations of their performance on a regular basis and in accordance with the provisions of section twelve [§ 18A-2-12] of this article. All school personnel are entitled to opportunities to improve their job performance prior to the termination or transfer of their services. Decisions concerning the promotion, demotion, transfer or termination of employment of school personnel, other than those for lack of need or governed by specific statutory provisions unrelated to performance, should be based upon the evaluations, and not upon factors extraneous thereto. All school personnel are entitled to due process in matters affecting their employment, transfer, demotion or promotion;

The premise upon which petitioner's argument is based is that her termination was for unsatisfactory performance. As respondent correctly points out, this premise is false. The record plainly demonstrates that petitioner was terminated for "willful neglect of duty," and thus, she is not entitled to a period of improvement as contemplated by West Virginia Code § 18A-2-12a(b)(6). Petitioner concedes that she knew the policy regarding leaving her bus running with students on board and chose to disregard it. Accordingly, it was not error for the ALJ and the circuit court to find her termination was warranted.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED:**  January 31, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Judge Alan Moats, sitting by temporary assignment


**DISQUALIFIED:**

Justice Margaret L. Workman